USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1432 JOSE ANTONIO PI ERO CAPO, etc., et al., Plaintiffs, Appellants, v. UNITED STATES OF AMERICA, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Rafael A. Oliveras Lopez for appellants. ________________________ Maria Hortensia Rios Gandara, Assistant United States Attorney, _____________________________ with whom Charles E. Fitzwilliam, United States Attorney, was on brief ______________________ for appellee. ____________________ October 20, 1993 ____________________ Cyr, Circuit Judge. Appellants brought this medical Cyr, Circuit Judge. _____________ malpractice action in the United States District Court for the District of Puerto Rico on April 15, 1991. Thereafter, appel- lants repeatedly violated various discovery-related orders duly entered by the district court. On November 10, 1992, following numerous requests and three unsuccessful motions to compel discovery, the appellee moved for sanctions against appellants, including the dismissal of all their claims, with prejudice. See ___ Fed. R. Civ. P. 41(b). On March 15, 1993, almost two years after its commencement, the district court dismissed the action, with prejudice, due to appellants' "consistent failure to diligently prosecute their claims despite the specific deadlines set by the Court to respond to interrogatories and furnish discovery related to expert witnesses." Appellants did not move for reconsidera- tion, but chose to seek appellate relief. We affirm. We review Rule 41(b) dismissals for abuse of discre- tion. Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1117 (1st Cir. _____ ________________ 1989). After careful consideration of all relevant circumstanc- es, under the "open-ended balancing test" appropriate in these matters, Figueroa Ruiz v. Alegria, 896 F.2d 645, 648 (1st Cir. _____________ _______ 1990), we conclude that the district court did not abuse its discretion. We do so in light of appellants' repeated failures to comply with reasonable discovery requests and with discovery orders, notwithstanding the district court's clear warnings that dismissal could result; the unsuccessful efforts by the district court to assure compliance by imposing, in the first instance, the lesser sanc- tion of a $300 fine against appellants' counsel; the months of delay, and the many motions and conferences before the district court, occasioned by their dilatory conduct; their counsel's failure either to take appropriate action in a timely manner or __ to present to the district court many of the belated justifica- tions urged on appeal. In addition, the justifications belatedly proffered on appeal, credited at face value, provide no explana- tion for the final two-month delay (January to March 15, 1993) during which counsel concededly was able to function as counsel yet failed to comply with the district court's longstanding discovery orders. Finally, even now counsel offers no explana- tion for failing to request reconsideration of the district court dismissal order entered March 15, 1993. The crux of appellants' argument on appeal is that their counsel's medical problems prevented him from functioning as a lawyer. Unfortunately for appellants, this claim presents too little, too late, to the wrong court. The dilatory behavior extended at least from February through November, 1992, not- withstanding that the district court warned of possible dismissal in March and May, 1992, after having ordered a $300 fine as a sanction against appellants' counsel.1 Nevertheless, not until ____________________ 1At a status conference in August 1992, the court also warned of the possible dismissal of the claims of appellants Maria de los Angeles and Jose Ivan Pi ero Rivera. The dismissal of their claims is no longer challenged. 3 December 3, 1992, did appellants' counsel explain to the district court in an "informational motion" that he had been incapacitated from October 15 to November 24, 1992. At best, this would excuse five and one-half weeks of a sustained ten-month delay, and no sufficient reason is suggested for the failure to prosecute during other periods. The failure to take any further action in the district court after the filing of the December, 1992 infor- mational motion is particularly egregious. Yet even crediting all representations made by appellants' counsel at oral argument on appeal, no explanation has been suggested for the final two- month delay between January and March 15, 1993, or for the failure to request reconsideration of the dismissal order. Although we are not unsympathetic to appellants' plight in this case, we cannot conclude that the district court abused its discretion by dismissing their claims by reason of their coun- sel's abject failure to prosecute.2 Affirmed.3 Affirmed. ________ ____________________ 2In these egregious circumstances, we must heed our own admonition and "the teaching of the Court in Link v. Wabash ____ ______ Railroad Co., 370 U.S. 626 (1962), that the acts or omissions of ____________ counsel are visited upon the client[,]" United States v. One Lot _____________ _______ of $25,721.00 in Currency, 938 F.2d 1417, 1422 (1st Cir. 1991); _________________________ see also Corchado v. Puerto Rico Marine Management, Inc., 665 ___ ____ ________ _____________________________________ F.2d 410, 413 (1st Cir. 1981), cert. denied, 459 U.S. 826 (1982). ____ ______ Of course, this means that appellants will be left to their remedies against counsel. 3We direct the Clerk to provide the clerk of the district court with a copy of this opinion, in order that copies (and Spanish translations) may be mailed directly to each appellant by the district court. 4